PER CURIAM:
Claimants brought this action for damage to their vehicle which occurred when claimant Alice Higginbotham was traveling on Floradale Drive near Cross Lanes, in Kanawha County, and their vehi cle struck a boulder on the edge of the road. Respondent was responsible at all times herein for the maintenance of Floradale Drive. The Court is of the opinion to make an award for the reasons set forth more fully below.
The incident giving rise to this claim occurred on October 2,2001, at 8:45 a.m. Alice Higginbotham was driving her two children to school in claimants’ 1991 Ford Econovan. The weather was clear and tire road was dry. She is faxniliar with the road and travels it often. Mrs. Higginbotham was traveling at approximately ten miles per hour as she turned off of Koontz Drive onto Floradale Drive. She traveled down a hill and proceeded to maneuver around a right curve where there were four- boulders on the edge of the road. She safely passed the first three boulders, but as she passed the fourth boulder, she was forced to maneuver the vehicle to the edge of the road due to an oncoming vehicle. At this time, the vehicle’s passenger side door came into contact with one of the boulders. Mrs. Higginbotham testified that the impact with the boulder “pounded” the passenger door and then the boulder rolled back and got caught under the rear bumper of the vehicle. She attempted to maneuver the vehicle off of the boulder, and in doing so the vehicle dragged the boulder out into the middle of the road. Eventually, she was able to maneuver the vehicle and free it from the boulder. Mrs. Higginbotham described Floradale Drive as a narrow, two-lane residential road. She testified that there are locations on the road where it is difficult for vehicles to safely pass without the drivers maneuvering to the edge of the road. According to Mrs. Higginbotham, the road at the location of this incident proceeds downhill into a right curve. She testified that the four boulders are located on the respondent’s right-of-way at the edge of the grass adjacent to the road. She also introduced into evidence a photograph of the location as well as the boulders, which depicts the first three boulders laying flat on the ground and the pointed edges of the boulders extending away from the road. However, the fourth boulder is situate with the base on the ground, but the pointed edge extends over the edge of the road. Further, she testified that the fourth boulder also is located in a blind spot in the curve and that she did not see the edge of the boulder until it was too late to react. Mrs. Higginbotham admits that she knew the boulders were there because she travels the road often. However, she testified that she was not aware of how far the one boulder extended into the road. Claimants submitted a repair estimate into evidence in the amount of $1,998.63.
Claimants assert that respondent was negligent in allowing boulders to be placed at the edge of the road creating a hazardous condition that was the proximate cause of claimants’ damages.
It is respondent’s position that it had no notice that the boulders presented a risk to the traveling public.
Garry W estfall, a foreman for respondent in Kanawha County at the time of this incident, is responsible for the routine maintenance of the road at the location of this incident. Mr. Westfall is familiar with Floradale Drive including the location of this incident. According to Mr. Westfall, Floradale Drive is a priority one road for snow and ice removal puiposes since it is located near a public school. However, for surface repairs and other maintenance it is a priority two road. Mr. Westfall testified that *11 respondent first became aware of the rocks being a problem when the State School bus garage called and asked respondent on or about January 9, 2002, if respondent could remove the rocks. He and a crew of respondent’s employees went to the location to move the rocks on January 11, 2002. However, the property owner whose land abuts respondent’s right-of-way demanded that respondent not move the rocks. He testified that the property owner stated that the rocks belonged to them and that the rocks were on their property. Mr. Westfall stated that he then informed his supervisor, Chuck Smith, of the problem. Mr. Smith contacted respondent’s right-of-way division which determined that the rocks were in fact on respondent’s right-of-way. Upon obtaining this information, Mr. Westfall had the rocks removed despite threats from the property owners. According to Mr. Westfall, respondent was not aware that the rocks had been replaced in the same location. He testified that no one had made any calls or complaints regarding the rocks until the school bus garage called on or about January 9, 2002. However, Mr. Westfall admitted that he and other employees occasionally travel this road, and that even though the rocks are visible, respondent did not remedy the condition. He stated that the property owners “kept inching” the rocks closer to respondent’s right-of-way.
It is a well established principle of law that the State is neither an insurer nor a guarantor of the safety of motorists on its roads and highways. Adkins v. Sims, 46 S.E.2d 81. (W.Va.1947). To hold respondent liable, the claimants must establish by a preponderance of the evidence that the respondent had actual or constructive notice of the road defect in question and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways 16 Ct. Cl. 103 (1986); Prittv. Dept. of Highways, 16 Ct. Cl. 8 (1985).
In the present claim, the Court is of the opinion that respondent had at least constructive if not actual notice of the location of the rocks at the edge of the road. The evidence adduced at the hearing of this matter established that respondent’s employees travel this road often enough to have noticed this hazardous condition. Further, respondent treats this road as a priority one road for snow and ice removal purposes and thus it should have been more diligent and remedied this hazardous condition. However, the Court is also of the opinion that claimant Alice Higginbotham is not without fault in this incident. She was familiar with the road, and she knew that the rocks were present. She should have exercised more care in operating the vehicle under the conditions then and there existing.
In a comparative negligence jurisdiction, such as West Virginia, the negligence of a claimant may reduce or bar recovery of a claim. In accordance with the finding of fact and conclusions of law stated herein above, the Court has determined that claimant Alice Higginbotham was 40% negligent for the incident that occurred. Since respondent’s negligence was greater than the negligence of claimant Alice Higginbotham, claimants may recover sixty per cent (60%) of their loss.
In view of the foregoing, the Court is of the opinion to and does make an award to claimants in the amount of $1,199.18.
Award of $1,199.18.